Concurring Opinion.
Manning, C. J.
It is not correct to tell a jury that they are the judges of the law, without explaining the modified sense in which alone they are so. It is not, and never has been, within the province of a jury to decide what the law of a case is. Except in periods when revolutionary passions dominated men’s judgments, a jury has never been supposed to have the legal right to disregard the law as pronounced by the court to them. *906 It has become so customary of late years in this State for juries to be told, that they have that power, without adding that the exercise of this physical power is of itself a moral wrong; and the practice has become so general for the counsel of an accused person to persuade the jury that they have the right to usurp the function of the judge in this particular; and that too, not only without restraint by the judge, but often with his acquiescence; that from much repetition, it has almost come to be regarded as sound law.
I think it is time for this court to suppress this legal heresy, and to bring back the lower courts, and the profession, to the true, and now generally accepted rule, that the legal duty of a jury is to receive the law from the judge; and that a jury can not rightly exercise the physical power of disregarding the instructions of the court upon the law, any more than they can rightly ñnd a verdict directly opposed to the proof of the facts.
The j ury can not determine the law, or decide what is the law, or judge of the law, in any cause, except only in so far as the question of law is a component part, as it always is, of a general verdict. For example — the question of guilt in a criminal prosecution is compounded of two ingredients, 1. did the accused commit the act, and that is matter of fact, 2. is the act thus done a criminal offence, and that is matter of law. When the jury return a general verdict, they have necessarily passed upon the question of law, as well as upon the question of fact. But that is not what juries understand a judge to mean, when he tells them they are judges of the law as well as of the facts; nor is that what juries understand a judge to mean, when he tells them they have the poioer to decide-the law in a given ease; and therefore to tell them that, and nothing else, misleads them.
“My opinion, said Mr. Justice Story, is that the jury are no more judges of the law in a capital or other criminal case, upon the plea of not guilty, than they are in every civil case, tried upon the general issue. In each, their verdict, when general, is necessarily compounded of law and of fact, and includes both. In each they must necessarily determine the law as well as the fact. In each they hav.e the physical power to disregard the law, as laid down to them by the court, but I deny that in any case, civil or criminal, they have the moral right to decide the law according to their own notions or pleasure.” Battiste’s case. 2 Sumn. 243.
So also Chief Justice Shaw; — -“it is the duty of the jury to receive the law from the court, and to conform their judgment and decision to such instructions, as far as they understand them, in applying the law to the facts to be found by them; and it is not within the legitimate province of the jury to revise, reconsider, or decide contrary to such opinion *907 or direction of the court in matter of law. To this duty jurors are bound by a strong social and moral obligation, enforced by the sanction of an oath, to the same extent, and in the same manner, as they are-conscientiously bound to decide all questions of fact according to the evidence.” Commonwealth v. Porter, 10 Metc. 263.
“ My firm conviction, said Mr. Justice Curtis, is that under the constitution of the United States, juries in criminal cases have not the right to decide any question of law, and that if they render a general verdict, their duty and their oath require them to apply to the facts, as they may find them, the law given to them by the court.” U. S. v. Morris, 1 Curtis C. C. 23.
There has been manifested so much misconception of the law on this matter of late, that I have thought it appropriate to state my views-more at length than is done in the opinion of the court, in which and in the decree, I fully concur.